919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy E. SCOTT, Plaintiff-Appellant,
v.
BUEHLER FOOD MARKETS, INC., Defendant-Appellee.
 No. 90-3384.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Dorothy E. Scott, an Ohio resident, moves for the appointment of counsel and requests a transcript at government expense on appeal from the summary judgment in favor of defendant in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ms. Scott, through appointed counsel, sued her employer for monetary damages, alleging that a three day suspension she received was more severe than discipline received by other employees, and that the disparity was due to her age and sex. Cross-motions for summary judgment were filed by the parties. The district court, after noting that the Title VII action was untimely, reviewed both claims on the merits and concluded that Scott had failed to establish a prima facie case of discrimination. On appeal, Ms. Scott argues that she did not receive notice of a hearing on the summary judgment motions, and that defendant denied her discovery of relevant documents. She also reasserts her original claim, as well as arguing that defendant employs different pay scales for comparable work and has denied her merit increases.
 
 
 3
 Upon consideration, this court concludes that defendant was properly granted summary judgment due to the absence of evidence to support Ms. Scott's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The district court's finding that she did not establish a prima facie case of discrimination is not erroneous. See Reynolds v. Humko Products, 756 F.2d 469, 472 (6th Cir.1985). Moreover, even had a prima facie case been established, there is no evidence to show that defendant's proffered reason for the disciplinary action is a pretext for discrimination. See Simpson v. Midland-Ross Corp., 823 F.2d 937, 944 (6th Cir.1987).
 
 
 4
 Turning to the arguments raised by Ms. Scott on appeal, the record shows that there was no hearing on the summary judgment motions, but only a pretrial settlement conference which her attorney had notice of and attended. The claims of denial of discovery, discriminatory pay scales and denial of merit increases were not raised in the district court and need not be addressed by this court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 5
 Accordingly, the motion for counsel and request for a transcript are denied, and the district court's judgment affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.